UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL VAUGHN LEE *aka* MICHAEL ALLAH AMERICA,<br><br>        Plaintiff,<br><br>      -against-<br><br>TOM FITTON, JUDICIAL WATCH PRESIDENT; POLITICAL PRESIDENTIALSERIES; DONALD TRUMP; PAYROLLS THEFT; NEIL ELSON — FOREIGN MILITARY: IRS 4149TH FORM INQUISITIONAL COURT; NEIL ELLISON — OFFICES & APARTMENTS, ROBBERY, CIA,<br><br>        Defendants. | 19-CV-4023 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff, appearing *pro se*, brings this action under the Court's federal question jurisdiction. By order dated June 7, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

  The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

The complaint, which is 73 pages long with attachments, is not a model of clarity. In it, Plaintiff asserts as follows:

> On assignment Social Security Number . . . for IRS Form 4506 Income Tax Refunds Payments Checks with transcripts history American Citizens Military with OMBE/CHAP U.S. Government. Judicial Watch Investigators licenses checks with postal history for sending and receiving licenses. Residential with employment records for authentic mailings. FERPA laws Family Educational Right to Privacy Act. Audio visual records for all classroom instructions. Class attendance with after class video-tapes records, etc.

(ECF No. 1 at 5.) With respect to his injuries, Plaintiff states:

> Sick and apartment home bound since January 20, 2018 serious bodily injuries and to the head. Amnesia victim. Broken bones. Legs and feet, crimes victims family and friends. Shots on several occasions while going to J.P. Morgan Bank a/k/a Chase Manhattan.

(*Id.*) Plaintiff seeks the following relief:

> Immediate funds needed. Crime victim of banking frauds and embezzlement. Several accounts thefts. Mailing frauds. Actual statement sent to actors with accounts with employment debit cards swindle for true value. Felons with badges incorporated (FBI). Politicians ring, etc.

(*Id.*) Attached to the complaint are copies of a tax refund check, Plaintiff's social security card other documents from the Social Security Administration, and certificates and other documents related to Plaintiff's military service.

## DISCUSSION

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's claims rise to the level of the irrational, and there is no legal theory on which he can rely. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.[1]

## LITIGATION HISTORY AND WARNING

Plaintiff previously filed two cases against a number of defendants, including Neil Elson or Ellison, who is also named in this case. *See Lee v. Ellison*, No. 95-CV-10820 (TPG) (S.D.N.Y. Dec. 22, 1995) (dismissing complaint as frivolous), 96-7214 (2d Cir. May 10, 1996) (dismissing appeal as frivolous); *Lee v. Ellison*, No. 95-CV-10819 (TPG) (S.D.N.Y. Dec. 22, 1995), 96-7213 (2d Cir. May 10, 1996) (dismissing appeal as frivolous).

---

[1] Plaintiff complaint includes documents containing private data. Federal Rule of Civil Procedure 5.2(a) requires that a litigant redact references to such information in court filings, but Fed. R. Civ. P. 5.2(h) provides that "[a] person waives the protection of Rule 5.2(a) as to the person's own information by filing it without redaction and not under seal." In light of Plaintiff's *pro se* status, the Court directed the Clerk of Court to place Plaintiff's original and amended complaints in "party-view only" status in the Court's CM/ECF database.

In light of Plaintiff's litigation history, this Court finds that Plaintiff was or should have been aware when he filed this action that it lacked merit. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, Plaintiff is warned that further duplicative or frivolous litigation in this Court will result in an order barring Plaintiff from filing new actions *in forma pauperis* without prior permission. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: June 14, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge